# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BANKFIRST, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|   v. | )   No. 07 C 3592 |
| | ) |
| MORTGAGE DIRECT, et al., | ) |
| | ) |
|        Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff BankFirst's motion for partial summary judgment. For the reasons stated below, we grant BankFirst's motion for partial summary judgment.

## BACKGROUND

Bankfirst alleges that it is a residential mortgage lender that originates and services residential mortgage loans. BankFirst purportedly entered into an agreement ("Broker Agreement") with Defendant Mortgage Direct, Inc. ("Mortgage Direct"), whereby Mortgage Direct, through Defendant Jose A. Soto ("Soto"), a loan officer at Mortgage Direct, agreed to act as a broker to assist a borrower named Annelsa M.

Melchiorre ("Melchiorre") with a mortgage loan through BankFirst. According to BankFirst, Soto concocted a scheme to use Melchiorre's credit to purchase an investment property ("Subject Property") with funds provided by Soto. BankFirst alleges that Soto promised to pay Melchiorre $5,000.00 in exchange for her involvement in the scheme. According to BankFirst, on April 21, 2006, Melchiorre purchased the Subject Property for the sum of $1,350,000.00 and Mortgage Direct submitted a falsified loan application and other documents in order to obtain two mortgage loans from BankFirst. Subsequent to the closing, both mortgages allegedly fell into default due to nonpayment. BankFirst claims that it later discovered that the value of the Subject Property had been misrepresented along with Melchiorre's financial qualifications. According to BankFirst, it has suffered damages as a result of Melchiorre's default on the second mortgage, and is required to indemnify Citibank, the assignee of the first mortgage, for the losses Citibank incurred as a result of Melchiorre's default on the first mortgage. BankFirst brought the instant action and includes a claim for breach of contract brought against Mortgage Direct (Count I), and a claim for civil conspiracy brought against all Defendants (Count II). BankFirst now moves for summary judgment on its breach of contract claim in Count I.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

BankFirst moves for summary judgment on its breach of contract claim

arguing that the undisputed facts establish that Mortgage Direct breached its contractual obligations in the Broker Agreement between BankFirst and Mortgage Direct.

I. Local Rule 56.1

Along with its motion for summary judgment, BankFirst properly included a statement of material facts, pursuant to Local Rule 56.1(a)(3). Local Rule 56.1 also requires a party opposing summary judgment to submit "a concise response" to the moving party's statement of facts including "references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3). Mortgage Direct has not filed any such statement. Pursuant to Local Rule 56.1, any material fact within the moving party's Local Rule 56.1 statement of facts that is not properly denied is deemed to be undisputed. L.R. 56.1(b)(3)(C)(stating that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party"); *see also Martino v. MCI Communications Servs., Inc.*, 2008 WL 2157170, at *1 (N.D. Ill. 2008)(stating that a "[c]ourt may disregard statements and responses that do not properly cite to the record"); *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003)(indicating that a denial is improper if the denial is not accompanied by specific references to admissible evidence or portions of the record representing admissible evidence). Courts are not "obliged in [the] adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions." *Walridge v. American*

*Hoechst Corp.*, 24 F.3d 918, 920, 922 (7th Cir. 1994). Thus, all of the statements contained in BankFirst's Local Rule 56.1 statement of facts are deemed to be undisputed for the purposes of the instant motion. Local Rule 56.1; *Dent*, 2003 WL 22025008, at *1 n.1.

II. Mortgage Direct's Responsive Brief

The court also notes that, in Mortgage Direct's opposition brief to the motion for partial summary judgment, Mortgage Direct has not included any argument or legal support on the issue of Mortgage Direct's liability for breach of contract. Mortgage Direct has instead filed less than one page of argument referencing the fact that BankFirst was under a duty to mitigate its damages and arguing that BankFirst should have done so by filing an appearance in the foreclosure action against the Subject Property. As discussed below, one of the elements of a claim for breach of contract under Illinois law is a demonstration of damages by the plaintiff. *Association Ben. Servs., Inc.*, *v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007). However, Mortgage Direct's responsive brief does not argue or support the fact that BankFirst suffered zero damages, but rather states in a conclusory fashion that BankFirst should have mitigated its damages. As such, Mortgage Direct's entire responsive brief fails to address the issue of Mortgage Direct's liability on the breach of contract claim. BankFirst did not move for summary judgment on damages. Thus, the only issue the court need address is the issue of liability with respect to the breach of contract claim and, as indicated above, Mortgage Direct has neither responded to BankFirst's Local Rule 56.1 statement of facts nor provided any

argument or legal support in opposition to BankFirst's motion for summary judgment on that claim.

III. Breach of Contract Claim

BankFirst contends that the undisputed facts establish each of the elements of its breach of contract claim against Mortgage Direct and no reasonable trier of fact could conclude other than that Mortgage Direct is liable for breach of contract. A claim for breach of contract under Illinois law requires the plaintiff to show "'(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages.'" *Association Ben. Servs., Inc.*, 493 F.3d at 849 (quoting *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 845 N.E.2d 22, 30 (Ill. App. Ct. 2006)).

A. Existence of a Contract

The first three elements that a plaintiff must show in order to succeed on a breach of contract claim are an offer and acceptance, consideration, and definite and certain terms. *Association Ben. Servs., Inc.*, 493 F.3d at 849. BankFirst has presented evidence that Mortgage Direct submitted the Broker Agreement, which proposed to set forth a contractual relationship between BankFirst and Mortgage Direct. (SMF Par. 8, 12). BankFirst has also pointed to evidence indicating that BankFirst approved the Broker Agreement. (SMF Par. 9). Furthermore, the Broker Agreement, which BankFirst attached as an exhibit, included the terms of the agreement and the obligations of the parties. (SMF Par. 11-12); (SMF Ex. 2). As

stated above, Mortgage Direct has failed to respond to BankFirst's Local Rule 56.1 statement of facts and, thus, the statements submitted by BankFirst relating to the formation and execution of the Broker Agreement are not disputed by Mortgage Direct. Local Rule 56.1; *Dent*, 2003 WL 22025008, at *1 n.1. As such, no reasonable trier of fact could conclude other than that a valid contract existed between BankFirst and Mortgage Direct with valid consideration and that the contract had definite terms.

### B. Performance by BankFirst

The fourth element that a plaintiff must show in order to succeed on a breach of contract claim, is performance by the plaintiff on all of the required conditions of the contract. *Association Ben. Servs., Inc.*, 493 F.3d at 849. BankFirst has submitted evidence that it did perform the conditions required of BankFirst under the Broker Agreement. Specifically, BankFirst approved and funded the Melchiorre loans, (SMF Par. 25), and paid Mortgage Direct $17,000.00 as compensation for its services (SMF Par. 26). These facts relating to BankFirst's performance under the Broker Agreement are not disputed by Mortgage Direct. Local Rule 56.1; *Dent*, 2003 WL 22025008, at *1 n.1. Therefore, no reasonable trier could conclude other than that BankFirst performed its obligations under the contract.

### C. Breach by Mortgage Direct

The fifth element that a plaintiff must show in order to succeed on a breach of contract claim, is a breach of the contract by the defendant. *Association Ben. Servs.,*

*Inc.*, 493 F.3d at 849. BankFirst has offered evidence that Mortgage Direct breached the Broker Agreement in two respects. First, the contract required that Mortgage Direct furnish accurate documents to BankFirst regarding the borrower and that Mortgage Direct would not provide any misleading information to BankFirst. (SMF Par. 12). According to BankFirst's statement of material facts, which have not been disputed by Mortgage Direct, Mortgage Direct deliberately falsified Melchiorre's employment history, income, assets, bank accounts, primary residence status, and made other material misrepresentations to BankFirst. (SMF Par. 18-24). In doing so, the undisputed facts show that Mortgage Direct breached its obligation under the Broker Agreement to provide accurate information to BankFirst regarding the borrower. The Broker Agreement also included an indemnification clause, which required Mortgage Direct to indemnify BankFirst "from and against any and all actual, direct and proximate loss, damage, cost and expenses" incurred by BankFirst as a result of a breach of the Broker Agreement by Mortgage Direct. (SMF Par. 28). BankFirst has presented evidence that it made a written demand on Mortgage Direct for indemnification, after Mortgage Direct's contractual breach was discovered and Mortgage Direct failed to indemnify BankFirst. (SMF Par. 29-30). Thus, based on the evidence submitted by BankFirst, which has not been disputed by Mortgage Direct, no reasonable trier of fact could conclude other than that Mortgage Direct breached its obligations to BankFirst under the Broker Agreement.

### D. Damages

The sixth and final element that a plaintiff must show in order to succeed on a

breach of contract claim under Illinois law is that the plaintiff suffered damages. *Association Ben. Servs., Inc.*, 493 F.3d at 849. Under Illinois law, "'[m]erely showing that a contract has been breached without demonstrating actual damages does not suffice . . . to state a claim for breach of contract.'" *Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 541 (7th Cir. 2008)(quoting *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 (7th Cir. 2007). However, a plaintiff need not prove that it suffered a "specific amount [of damages], but rather that the plaintiff did, in fact, suffer *some* damages." *TAS Distrib. Co.*, 491 F.3d at 631 (emphasis added). In the instant action, BankFirst has pointed to evidence that it has suffered some damages as a result of Mortgage Direct's breach of the Broker Agreement. The mortgage to Melchiorre in which BankFirst had a security interest was foreclosed out subsequent to BankFirst's approval and funding of the loans. (SMF Par. 31). BankFirst lost its security interest in the Subject Property. (SMF Par. 31). Finally, BankFirst points out that it paid Mortgage Direct a sum of $17,000.00 that was not earned by Mortgage Direct, due to the fact that it breached provisions in the contract. (SMF Par. 26); (Mot. 5).

As indicated above, Mortgage Direct's only argument with respect to damages is that BankFirst should have mitigated its damages by filing an appearance in the foreclosure action against the Subject Property. (Ans. 2). However, whether or not BankFirst's damages could have been mitigated is not the issue at hand. The issue is whether the undisputed evidence establishes that BankFirst has suffered some damages. *Id.* BankFirst has properly pointed to evidence of damages that has not been disputed by Mortgage Direct. Therefore, no reasonable trier of fact could

conclude other than that BankFirst suffered some damages as a result of Mortgage Direct's breach of the Broker Agreement.

The undisputed facts establish that there was an offer made by Mortgage Direct which was accepted by BankFirst with valid consideration. The undisputed facts establish that the terms of the agreement between Mortgage Direct and BankFirst were definite and certain. The undisputed facts establish that BankFirst satisfied its obligations under the Broker Agreement and that Mortgage Direct breached its obligations. Finally, the undisputed facts establish that BankFirst suffered some damages as a result. Therefore, no genuine issue of material fact remains with respect to the issue of liability on BankFirst's breach of contract claim in Count I and BankFirst is entitled to summary judgment on that claim.

IV. Applicable Law

The court notes that the parties did not address with any specificity the issue of the applicable state law governing BankFirst's breach of contract claim. In its briefing on the motion for partial summary judgment, BankFirst treats the claim as one governed under Illinois state law. However, the Broker Agreement contains a governing law provision which indicates that the Broker Agreement would be governed under the laws of the State of Minnesota. (Compl. Ex. A). The parties have not contested the issue of what state law is applicable. A federal court, sitting in diversity, applies the choice of law rules of the state where it sits. *Midwest Grain Products of Ill. v. Productization, Inc.*, 228 F.3d 784, 787 (7th Cir. 2000). The State of Illinois conflicts provisions follow those of the Restatement (Second) of Conflict

of Laws which "refers courts either to a choice of law provision in the contract at issue, or to the place of performance." *Id.* We have discussed breach of contract provisions under Illinois law, which is the law of the place of performance. However, applying either Illinois or Minnesota law would not change the outcome of our determination, since the standard for a breach of contract claim under Minnesota law is virtually the same as the standard under Illinois law, and the undisputed facts establish that BankFirst would be entitled to judgment as a matter of law under either Minnesota or Illinois law. *See Sound of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910, 915 (7th Cir. 2007)(stating that, in order to succeed on a breach of contract claim under Minnesota law, a plaintiff show "(1) the formation of a contract; (2) performance by the plaintiff of any conditions precedent to the right to demand performance by the defendant; (3) breach of the contract by the defendant; and (4) damages resulting from that breach").

## CONCLUSION

Based on the foregoing analysis, we grant the motion for partial summary judgment.

                                                         _____
                                                         Samuel Der-Yeghiayan
                                                         United States District Court Judge

Dated: September 17, 2008